1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11  DONTE BAY McNEIL,                    Case No.: 3:21-cv-00860-JAH-AHG
    CDCR #AY5635,
12                                       **ORDER:**
                              Plaintiff,
13                                       **1) GRANTING RENEWED MOTION**
    v.                                   **TO PROCEED IN FORMA PAUERIS**
14                                       **[ECF No. 5];**
    WARREN L. MONTGOMERY,
15  ROBERT MARTINEZ, FRANCISCO           **2) DISMISSING COMPLAINT**
    PARTIDA, KATHLEEN ALLISON,           **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
16                                       **AND 28 U.S.C. § 1915A(b)(1)**
                             Defendants.
17
18

19       On May 3, 2021, Donte Bay McNeil ("McNeil" or "Plaintiff"), a state inmate

20  currently incarcerated at Calipatria State Prison ("CSP") located in Calipatria, California

21  and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See*

22  Compl., ECF No. 1.  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to

23  commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed

24  In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3.

25       On June 1, 2021, the Court denied McNeil's IFP motion and dismissed the case

26  without prejudice because McNeil had failed to provide the Court with the required

27  certified trust account statement. ECF No. 4; 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398

28

F.3d 1113, 1119 (9th Cir. 2005). McNeil was given sixty days from the date of the Order within which to either pay the civil filing fee or file a new IFP motion which included a certified trust account statement. ECF No. 4. On July 6, 2021, McNeil filed a renewed IFP motion. ECF No. 5.

## I.   Renewed Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, McNeil has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* ECF No. 5 at 5–8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show McNeil has carried an average monthly balance of $210.83, average monthly deposits to his account of $175.00 over the 6-month period immediately preceding the filing of his Complaint, and a $415.10 available balance on the books at the time of filing. *See* ECF No. 5 at 5–8.

Based on this accounting, the Court **GRANTS** McNeil's Motion to Proceed IFP (ECF No. 5) and assesses an initial partial filing fee of $42.16 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in McNeil's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of McNeil forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## III.   Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   <u>Standard of Review</u>

Because McNeil is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court

must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Plaintiff's Allegations</u>

McNeil alleges that in early December of 2019, he asked Correctional Officer Diaz for a work order to repair a chase that was leaking dirty water into his cell which he and

4

other inmates were forced to clean up for about a month. Compl., ECF No. 1 at 3. Defendant Robert Martinez performed work on the chase but the leak continued. *Id.*

On December 26, 2019, McNeil underwent knee surgery and was using crutches to walk. *Id.* McNeil claims he and another inmate cleaned up water from the leaking chase later that day when McNeil returned to his cell. *Id.*

On December 29, 2019, McNeil alleges he woke up during the night to use the restroom and slipped in a large puddle of water that had accumulated from the leaking chase. *Id.* McNeil fell, hitting his head and was "instantly in extreme pain in [his] back and leg" and could not get off of the floor. *Id.* Medical staff took him to the infirmary where he stayed for several days. *Id.* McNeil claims he continues to suffer from "extreme ongoing pain and disruption of sleep due to back pain, nerve damage, [and] right knee pain." *Id.*

C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability,  a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138 (9th Cir. 2012).

D.    Discussion

McNeil claims his Eighth Amendment rights have been violated by the unrepaired chase leak which leaked water into his cell, and which in turn caused him to slip, fall and injure himself. Compl., ECF No. 1 at 3. The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, and "[p]rison officials have a duty to ensure that prisoners are provided with adequate shelter, food,

clothing, sanitation, medical care, and personal safety." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state a cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Id*. at 834; *Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014 (citations omitted). Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id*.

District courts in California have routinely found that "a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment." *Brown v. Flores*, No. 18-cv-01578 LHK (PR) 2018 WL 9838120, at *2–*3 (N.D. Cal. Oct. 2018); *see also Jackson v. Arizona*, 885 F.3d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated by Lopez v. Smith*, 203 F.3d 1112, 1130 (9th Cir. 2000) (stating that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Jacobs v. CDCR*, No. 1:20-cv-00547-BAM (PC), 2021 WL 1264636, at *11

(E.D. Cal. April 6, 2021) (dismissing complaint for failing to state a claim where disabled Plaintiff alleged he slipped and fell in a puddle of polluted rainwater on his cell floor); *Collier v. Garcia*, No. 17-cv-05841 LHK (PR), 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing complaint for failing to state a claim where Plaintiff slipped and fell in a puddle of water in his cell which emanated from a leaking chase); *Oubichon v. Carey*, No. 2:06-cv-2749-JAM-EFB P, 2017 WL 2162940, at *8 (C.D. Cal. May 17, 2017) (granting summary judgment motion where Plaintiff alleged he slipped and fell in water from an overflowing toilet). "[P]oorly maintained surfaces, wet floors, or leaky roofs do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims . . . even where the hazard has existed, and been known to prison officials, for years . . . ." *Pauly v. California*, No. 2018 WL 5920780, at *4 (E.D. Cal. 2018), citing *Hall v. Frauehnehim, et al.*, No. 1:16-cv-00263-AWI-DLB PC, 2016 WL 2898712, at *1–*5 and n.1; *see also Shannon v. Vannoy*, No. 15-446-SDD-RLB, 2016 WL 1559583, at *1 (M.D. La. Apr. 19, 2016) (granting motion to dismiss where Plaintiff alleged rainwater leaked into his cell and caused him to slip and fall while he was walking to the bathroom); *Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (granting motion to dismiss where Plaintiff alleged he was injured when he slipped and fell in water in the shower); *Sylla v. City of N.Y.*, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *1–*4 (E.D.N.Y. Dec. 8, 2005) (granting motion to dismiss where Plaintiff alleged he slipped and fell in a flooded bathroom). "[I]n order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the [leaking water] posed a serious, unavoidable threat to plaintiff's safety." *Coleman v. Frauenheim*, No. 1:17-cv-10276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018), citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).

At best, McNeil has alleged negligence resulting from a failure to maintain the leaking chase, but this does not amount to an "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes*,

452 U.S. at 347. Accordingly, McNeil has not plausibly alleged an Eighth Amendment claim. *Iqbal*, 556 U.S. at 678.

## III.   Conclusion and Orders

For the reasons explained, the Court:

1)   **GRANTS** Plaintiff's renewed Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) [ECF No. 5].

2)   **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4)   **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 20, 2021

Hon. John A. Houston
United States District Judge

9