UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE BAY McNEIL, CDCR #AY5635,<br><br>                                Plaintiff,<br>v.<br><br>FRANCISCO PARTIDA, ROBERT MARTINEZ, JOHN DOES 1–3,<br><br>                              Defendants. | Case No.: 3:21-cv-00860-JAH-AHG<br><br>**ORDER DISMISSING AMENDED COMPLAINT [ECF No. 7] PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)(1)** |

On May 3, 2021, Donte Bay McNeil ("McNeil" or "Plaintiff"), a state inmate currently incarcerated at Calipatria State Prison ("CSP") located in Calipatria, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3.

On June 1, 2021, the Court denied McNeil's IFP motion and dismissed the case without prejudice because McNeil had failed to provide the Court with the required certified trust account statement. ECF No. 4; 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398

1

F.3d 1113, 1119 (9th Cir. 2005). McNeil was given sixty days from the date of the Order within which to either the pay the civil filing fee or file a new IFP motion which included a certified trust account statement. ECF No. 4.

On July 6, 2021, McNeil filed a renewed IFP motion. ECF No. 5. The Court granted McNeil's renewed IFP motion and dismissed his Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) on August 20, 2021. ECF No. 6. He was given sixty days from the date of the Order to file an Amended Complaint. *Id.* On October 14, 2021, McNeil filed an Amended Complaint ("FAC"). ECF No. 7.

## LEGAL STANDARD

**A. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Like his original Complaint, because McNeil is a prisoner his Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## DISCUSSION

### A. Plaintiff's Allegations

McNeil's allegations in his FAC are essentially the same as those in his original Complaint. He alleges that in November or December of 2019, he asked his floor officers to initiate a work order to repair a chase that was leaking dirty water into his cell. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 6–7. On December 11, 2019, Robert Martinez, a plumber, performed work on the chase and told the floor officers the leak was fixed.

Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 7. Later that day, however, the chase began to leak again. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 7.

In late December of 2019, McNeil underwent knee surgery. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 7. He returned to his cell on December 26, 2019 and was using crutches to walk. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 8. McNeil claims that upon arriving at his cell, he saw water accumulating in front of his cell which he believed to be from the leaking chase. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 8–9. McNeil states he asked Does One and Two to have an inmate clean the water up. FAC, ECF No. 7 at 9. Does One and Two allegedly told McNeil that it was too late at night to have an inmate do so because it was after "night count." *Id.* According to McNeil, when he asked to speak to a Sergeant, Does One and Two "gave [him] a 'direct order' to go into his cell." *Id*. McNeil then asked to be moved to a different cell, and Doe One called the Sergeant, who McNeil identifies as Doe Three. *Id.* at 10. Doe Three allegedly refused to change McNeil's cell, even though he knew about the water leak. *Id.* Does One, Two and Three, according to McNeil, were all aware of his recent knee surgery and the risk of injury the water posed. *Id.*

On December 29 or 30, 2019, McNeil alleges he woke up during the night to use the restroom and slipped in a large puddle of water that had accumulated from the leaking chase. Compl., ECF No. 1 at 3; FAC, ECF No. 7 at 12. McNeil fell, hitting his lower back and head on a metal locker. ECF No. 1 at 3; FAC, ECF No. 7 at 12. McNeil claims he continues to suffer from back and neck pain from the fall. FAC, ECF No. 7 at 12.

McNeil alleges Defendant Martinez worked on the leaking chase four times between November of 2019 and January of 2020, and that he "deliberately failed to fix the leaking chase in an effort to defraud his employer since his work pay rate is decided on how many work order jobs he performs and completes. *Id.* at 12–13. McNeil also alleges that Defendant Partida "also participates in . . . defrauding his employer. *Id*. The chase was ultimately fixed in late January of 2020. *Id.*

### B. Analysis

As he did in his original Complaint, McNeil claims his Eighth Amendment rights were violated when an unrepaired chase leaked water into his cell, causing him to slip, fall and injure himself. FAC, ECF No. 7 at 6–14. He also claims the Defendants "violated his protected interest under the Fourteenth Amendment by forcing him to remain . . . in inhumane conditions which were in violation of their own regulations." *Id.*

"Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Therefore, because Plaintiff was incarcerated at CSP at the time his claims arose, it is the Eighth Amendment's proscription on cruel and unusual punishments, and not "the more generalized notion of 'substantive due process,' [that] must be the guide for analyzing [his] claims." *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Campos v. City of Merced*, 709 F. Supp. 2d 944, 960 (E.D. Cal. 2010) (finding arrestee's reference to his right "to be free from summary punishment without due process" was properly considered under the Fourth Amendment's reasonableness standards); *see also Murillo v. Rucker*, No. 3:12-CV-2642 WQH WVG, 2013 WL 5670952, at *5 (S.D. Cal. Oct. 15, 2013) (analyzing prisoner's "forced x-ray" claims to arise under the Eighth, rather than the Fourteenth Amendment).

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, and "[p]rison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state a cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Id.* at 834; *Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'"

*Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014 (citations omitted). Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id*.

As the Court explained in its August 20, 2021 Order, case law in California is clear that conditions such as plumbing leaks, water puddling in a cell, and slippery prison floors, by themselves, "do[] not create an objectively sufficient and serious condition to implicate the Eighth Amendment." *Brown v. Flores*, No. 18-cv-01578 LHK (PR) 2018 WL 9838120, at *2–*3 (N.D. Cal. Oct. 2018) (denying a motion to amend judgment under Rule 59 and affirming court's prior order concluding Plaintiff had failed to state a § 1983 claim where he alleged he slipped, fell, and suffered a concussion in a puddle created by water leaking into his cell); *see also Jackson v. Arizona*, 885 F.3d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated by Lopez v. Smith*, 203 F.3d 1112, 1130 (9th Cir. 2000) (stating that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Washington v. Atchley*, No. 21-cv-01584-JD, 2021 WL 2207428, at *2–*3 (N.D. Cal. June 2, 2021) (dismissing complaint for failing to state a § 1983 claim where Plaintiff, who was using a walker after injuring his knee, back, and neck, slipped and fell in a puddle of wastewater); *Jacobs v. CDCR*, No. 1:20-cv-00547-

BAM (PC), 2021 WL 1264636, at *11 (E.D. Cal. April 6, 2021) (dismissing complaint for failing to state a claim where disabled Plaintiff alleged he slipped and fell in a puddle of polluted rainwater on his cell floor); *Collier v. Garcia*, No. 17-cv-05841 LHK (PR), 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing complaint for failing to state a claim where Plaintiff slipped and fell in a puddle of water in his cell which emanated from a leaking chase). "[P]oorly maintained surfaces, wet floors, or leaky roofs do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims . . . even where the hazard has existed, and been known to prison officials, for years . . . ." *Pauly v. California*, No. 2018 WL 5920780, at *4 (E.D. Cal. 2018), citing *Hall v. Frauehnehim, et al.*, No. 1:16-cv-00263-AWI-DLB PC, 2016 WL 2898712, at *1–*5 and n.1; *see also Shannon v. Vannoy*, No. 15-446-SDD-RLB, 2016 WL 1559583, at *1 (M.D. La. Apr. 19, 2016) (granting motion to dismiss where Plaintiff alleged rainwater leaked into his cell and caused him to slip and fall while he was walking to the bathroom); *Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (granting motion to dismiss where Plaintiff alleged he was injured when he slipped and fell in water in the shower); *Sylla v. City of N.Y.*, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *1–*4 (E.D.N.Y. Dec. 8, 2005) (granting motion to dismiss where Plaintiff alleged he slipped and fell in a flooded bathroom). "[I]n order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the [leaking water] posed a serious, unavoidable threat to plaintiff's safety." *Coleman v. Frauenheim*, No. 1:17-cv-10276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018) (citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)).

As with his original Complaint, McNeil's allegations do not rise to the level of an Eighth Amendment violation. McNeil's allegations may amount to negligence resulting from a failure to maintain the leaking chase for a period of about two months from November 2019 until January 2020. But negligence does not amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's

necessities." *Rhodes*, 452 U.S. at 347. Accordingly, McNeil has not plausibly alleged an Eighth Amendment claim. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons explained, the Court **DISMISSES** Plaintiff's Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and 28 U.S.C. § 1915A(b)(1). The Clerk of Court shall close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: November 3, 2021

_____
Hon. John A. Houston
United States District Judge